IDA JOY SHERESH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sheresh v. Commissioner
Docket No. 10155-81.
United States Tax Court
T.C. Memo 1982-543; 1982 Tax Ct. Memo LEXIS 204; 44 T.C.M. (CCH) 1173; T.C.M. (RIA) 82543; September 21, 1982. Ida Joy Sheresh, pro se. William H. Quealy, Jr., for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1977 in the amount of $434. The issues for decision are (1) whether the deficiency determined by respondent is invalid because petitioner's return was selected for examination on an improper basis; and (2) whether petitioner was subjected to an unnecessary examination or an improper second inspection of her books and records and, if so, does this fact cause the deficiency as determined by respondent to be invalid. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, who resided in Chula Vista, California, at the time her petition in this *205 case was filed, filed a 1977 Federal income tax return Form 1040 with the Internal Revenue Service Center, Fresno, California, on or before April 14, 1978, reporting income and deductions for the year 1977 on the cash basis. On or about April 13, 1978, petitioner filed a document entitled "Corrected" 1977 Federal income tax return Form 1040 with the Internal Revenue Service. On her return as originally filed, petitioner showed "Cash contributions for which you have receipts, cancelled checks or other written evidence" of $180; two other amounts of cash contributions with donees listed, one of $60 and one of $61; with total cash contributions of $301. On this return, the date of petitioner's signature was shown as February 2, 1978. On the "Corrected" return filed by petitioner, the date of her signature was shown as March 26, 1978. On the corrected return, petitioner claimed contributions of $150 marked "See Original--1/2" and in addition claimed cash contributions of $1,770 with the explanation "Cash contribution of wife's separate property," making a total of cash contributions claimed of $1,920. Under date of March 27, 1978, respondent sent to petitioner a notice of "Correction *206 to Arithmetic" regarding the computation on her return for the calendar year 1977. The copy of the notice sent to petitioner was returned by petitioner to the Internal Revenue Service Center on or about April 13, 1978, with a handwritten notation which stated: I made no error. You just can't Read!! Joy Sheresh. Send me a letter explaining why you did this and apologize. Under date of August 11, 1978, petitioner received a letter from the chief of the Service Center Audit Division which stated that-- Part of your refund for the year shown above has been delayed due to a review of your return. This review has been completed and if you owe no other taxes, we will mail the remainder of your refund as soon as possible within the next six weeks. The letter further stated that if petitioner wished to call, she could contact the number and the person shown above. Petitioner called the person whose name was shown as the person to contact on the letter and was referred to a Mr. Domer, who told petitioner that her return was being audited. Petitioner asked why no letter was sent to her and Mr. Domer stated that the letter she had received with respect to the review of her return *207 was sufficient, and that she would be notified when the audit was completed. Petitioner called again on October 11, 1978, and was told that Mr. Domer was no longer with the Internal Revenue Service but that she would be getting her check. Petitioner did receive the check. Under date of March 12, 1980, petitioner received a letter from the Internal Revenue Service office in Riverside, California, which informed her that her Federal income tax return for the calendar year 1977 was being examined. This letter requested that she telephone the number given above within 10 days to set up an appointment at a time convenient with her. An explanation was made of the need to see petitioner's records and she was requested to bring records to substantiate the claimed contributions of "Cash Contribution of wife's Separate Property." Petitioner wrote a letter to the Internal Revenue Service, asking why she was being audited and why the letter sent to her with respect to the audit of her return was signed by the district director, and what criteria had been used to select her return, and for other information which she stated she wanted under the Freedom of Information Act. Thereafter, a *208 number of other letters were exchanged between petitioner and representatives of the Internal Revenue Service. Under date of August 20, 1980, petitioner received a letter from the Internal Revenue agent who had previously been indicated as the agent to whom her return was assigned for audit stating that-- This will be the last attempt I will make to obtain the documents substantiating the contribution claimed per your individual income tax return. * * * The letter went on to say that if the writer had not heard from petitioner within 10 days the case would be forwarded as an unagreed case to Los Angeles. The letter further explained that the district director was not involved in the audit examination but that letters sent under his signature were merely form letters used by Revenue agents. The letter further pointed out that the writer believed the request of substantiation of the claimed charitable deduction was reasonable and that he had been attempting to obtain the information since March 12, 1980. On February 27, 1981, the statutory notice which forms the basis of the petition in this case was sent to petitioner. After the filing of the petition, petitioner was offered *209 a conference by the Appeals Division of respondent's office. Petitioner did not produce any records, receipts or other evidence to any representative of the Internal Revenue Service to substantiate her claim for the charitable deduction of $1,770 for the year 1977. Petitioner produced no such substantiation at the trial of this case, relying exclusively on her claim of discrimination in selecting her return for audit and her claim of an unnecessary examination or that an improper second inspection was made of her records. Petitioner was not sent a "30 day" letter prior to the the issuance by respondent of the statutory notice of deficiency on February 27, 1981. The only adjustment made by respondent to petitioner's return as filed in the statutory notice of deficiency was a disallowance of $1,770 of her claimed charitable contributions, with the explanation that she had not established that she was entitled to any charitable contribution deductions in excess of $150. OPINION Petitioner, at the trial and in the brief she filed at the trial, argued that her return was improperly selected for examination because her husband was an employee of the Internal Revenue Service. Petitioner *210 argued that there existed no other reason for selecting her return. It was her position that returns could be selected for examination only if selected based on a computer computation, a weighted score, or a random sample. She states that respondent has not proved to her that her return was selected in this manner. Without going into all of the details of petitioner's argument, there is simply no evidence whatsoever in this record that petitioner's return was improperly selected for audit. The Court so informed petitioner at the trial and suggested to her that if she had evidence to substantiate the claimed charitable deduction, she should produce it and substantiate the claimed deduction. Petitioner refused to do this because of her firm belief that her return was selected for examination only because her husband was an employee of the Internal Revenue Service. We therefore conclude that petitioner has totally failed to show any impropriety in the selection of her return for audit. Cf. Karme v. Commissioner,673 F.2d 1062 (9th Cir. 1982). Petitioner does not state on what basis she contends that her return was improperly subjected to a further examination. *211 Apparently, from certain statements she made at the trial of this case and a statement in the brief she filed referring to "Internal Revenue Code 7605(B)," petitioner is relying on section 7605(b)[1] in support of her contention. Section 7605(b) places restrictions with respect to unnecessary examinations and with respect to a second inspection of a taxpayer's books of account. Specifically, this section provides that-- No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary. It is not clear whether petitioner is stating that after she received her refund check any further examination of her return was unnecessary, or that a second inspection was made of her books of account. Clearly, no inspection at all was ever made of petitioner's *212 books and records since in the audit to check the correctness of her return as filed prior to issuing the refund check, no request was made of her for any books and records. She was requested to produce substantiation for charitable deductions claimed when her return was later being examined, but refused to do so. See Grossman v. Commissioner,74 T.C. 1147, 1155-1156 (1980). If petitioner is contending that it was an unnecessary request on the part of respondent that she substantiate claimed cash deductions of $1,770, she has certainly failed to show why requiring substantiation of a relatively large claimed cash contribution of separate property of the wife was unnecessary. As we pointed out in Collins v. Commissioner,61 T.C. 693, 699 (1974), it is clear from the legislative history of section 7605(b) that an investigation is not unnecessary if it may contribute to the accomplishment of any of the purposes for which respondent is authorized by statute to make inquiries. Requiring substantiation of claimed cash contributions is within the legitimate power of respondent's investigative authority. Finally, petitioner seems to contend that her *213 rights were in some way violated since she was not issued a preliminary notice or given an opportunity to appear before the Appeals Division of respondent's office prior to the issuance of the statutory notice. From this record, it would appear that no useful purpose would have been served by any further notices to petitioner or by referring the examination of her return for consideration by the Appeals Division prior to issuing the deficiency notice. However, in any event, as we pointed out in Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327-328 (1974), generally this Court will not look behind a deficiency notice to determine the propriety of respondent's motive or the administrative policy involved in making the determination. We then stated: Thus, we will not look into respondent's alleged failure to issue a 30-day letter to the petitioners or to afford them a conference before the Appellate Division. * * * The underlying rationale for the foregoing is the fact that a trial before the Tax Court is a proceeding de novo; our determination as to a petitioner's tax liability must be based on the merits of the case and not any previous record developed *214 at the administrative level. * * * In the instant case petitioner was informed several times during the trial of her case that if she had substantiation for her claimed cash charitable contributions, she should bring it before the Court and let the Court rule on the merits of her case. Being fully informed that this would be necessary to show error in respondent's determination, petitioner chose to rely on her claims of discrimination, further examination and a second inspection of her records. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩